# PULASKI ROBERTS *v.* WILSON T. DUNN.

# PULASKI ROBERTS *et al. v.* WILSON T. DUNN.

1. AMENDMENT *of affidavit in attachment to show the proceeding in aid of an ordinary suit.* Where an attachment is brought in aid of a suit at law, but is docketed separately, there is no error in allowing an amendment of the affidavit, showing the attachment to be in aid of the suit at law, and thus avoid a motion to dismiss the attachment for want of a separate declaration being filed therein at the return term.

2. ATTACHMENT—*only one declaration necessary when in aid of a prior suit.* Where an attachment is brought in aid of an action of assumpsit, there will be but one action pending, and only one declaration is necessary, even though the clerk has entered the attachment on the docket as a separate suit.

3. FORTHCOMING BOND—*property held under, not liable to second levy.* Where property is attached, and the defendant gives a forthcoming bond, and thus retains its possession, it will be regarded as in the custody of the law, and not liable to levy and sale on other process against the defendant.

4. SAME—*subsequent levy and sale, no defense to action for not delivering property.* Where property attached and retained under a forthcoming bond is seized on execution against the attachment debtor, he should replevy the same, so as to be able to perform the condition of his bond, and if he does not, an action lies on the bond for the non-delivery of the property.

5. EVIDENCE—*of the value of property.* The price realized for property at sheriff's sale on execution is not conclusive evidence of its value, but only evidence to be considered in connection with other testimony on the question.

The first of these cases' is a Writ of Error to the Circuit Court of Rock Island county, the Hon. GEORGE W. PLEAS-ANTS, Judge, presiding, and the second an Appeal from the Circuit Court of Mercer county, the same Judge presiding.

Messrs. BASSETT & CONNELL, for the plaintiff in error and appellants.

Messrs. PEPPER & WILSON, for the defendant in error and appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

A short history of the litigation between the parties will be necessary to a clear understanding of the points made in these cases, which have been, by consent, consolidated, and are to be heard as one cause in this court.

On the 29th day of October, 1870, Dunn commenced an action in assumpsit against Roberts, in the circuit court of Mercer county. Two days thereafter, he filed an affidavit and sued out a writ of attachment, in aid, as it is claimed, of the former suit. Although entitled as between the same parties as the suit in assumpsit, it was docketed by the clerk, of his own motion, as a separate cause. Both writs were returnable to the February term of the court. A declaration was filed in the suit in assumpsit, but none in what is called the attachment suit, prior to changing the venue of the causes to the circuit court of Warren county. In that court, without any specific directions from any one, the causes were separately docketed, as they had been in Mercer county. There, defendant entered a motion to dismiss the suit in attachment, for the reason it was an original attachment, and no declaration had been filed to the return term, as the law requires. Plaintiff obtained leave of court to amend the attachment affidavit. In pursuance of the leave given, he did amend it so as to show more distinctly the attachment was in aid of the suit in assumpsit, and moved the court to have it considered, as it was originally intended, to be in aid of that suit. This motion was allowed, and the court overruled the motion to dismiss for want of a declaration.

The venue was again changed, by consent of parties, to the circuit court of the county of Rock Island, where the causes were again separately docketed. Defendant renewed his motion in the Rock Island circuit court to dismiss the attachment suit, for the reasons assigned in the Warren county circuit court, but the motion was overruled. This is the cause that comes to us on a writ of error to Rock Island county.

When the attachment writ was issued in Mercer county, it was levied on certain articles of personal property. Roberts being desirous to retain the property in his possession, gave a forthcoming bond, under the provisions of the statute, with appellants Abercrombie and Smith as sureties. The suit in assumpsit, in aid of which the attachment was brought, proceeded to final judgment in the Rock Island circuit court, and Roberts failing to deliver the property levied upon in satisfaction of the judgment, suit was brought on the forthcoming bond, in the circuit court of Mercer county. This is the cause pending on appeal in this court from the latter county.

Counsel make two principal points, upon which they rely for a reversal of the judgment in the circuit court of Mercer county—

*First*—It was error in the circuit court of Rock Island county not to dismiss the suit in attachment on the ground it was an original attachment, not having been commenced in aid of the suit in assumpsit, and no declaration had been filed at the term of court to which the writ was returnable.

*Second*—If any recovery could be had, the damages assessed were excessive, and not sustained by the evidence.

By the act of 1865, amendatory of the general attachment laws of 1845, it is provided, where a plaintiff has commenced an action in debt, covenant, trespass, case, or on the case on promises, by summons, he may, at any time while the suit is pending, and before judgment, on filing in the office of the clerk of the court where the action is pending a sufficient bond and affidavit, sue out a writ of attachment against the property of defendant, "which shall be entitled in the suit pending, and be in aid thereof." Such proceedings shall thereupon be had as are required or permitted in original attachments.

It is not insisted the affidavit was not sufficient to authorize the issuing of the writ of attachment, but the objection is, it was an original attachment suit; that the affidavit contained no reference to the suit pending in assumpsit; there-

fore, it could not be in aid thereof, and, being an original suit, the motion to dismiss ought to have prevailed, for the reason no declaration had been filed.

Without considering whether the affidavit filed was really defective in the several particulars suggested, it was entirely competent, under the eighth section of the Attachment Act of 1845, for plaintiff to amend it, which was done. As amended, it contained every requisite necessary to make it an attachment in aid of the suit in assumpsit. The original affidavit was entitled in the suit pending, in aid of which the writ of attachment was sued out, and, no doubt, it would have been more regular had the clerk placed all the papers in the same files. The cause was inadvertently docketed as a separate suit, and the court ought to have caused it to be consolidated with the original action. Neither party asked to have it done, and the omission was not error. There was but one action pending, and but one declaration was necessary.

The court, in estimating the damages, included an item of $150 for a Marsh harvester, to make the amount assessed. This is the only error suggested in the assessment of damages.

The harvester had been levied upon, and was included in the forthcoming bond executed by appellants. It is insisted, appellants are not liable for a failure to deliver it, for the reason it was subsequently seized by the sheriff, and sold on an execution against the property of Roberts. The ground of the objection is, the property was in the custody of the law, and could not be seized a second time. Hence, it is urged that, as the condition of the bond was to deliver it to the sheriff, when that officer seized it, under any pretense whatever, whether upon execution or otherwise, it was a surrender of the property, the same as if the obligors had voluntarily delivered it to him, which it is claimed they had a right to do, at any time, in discharge of their obligation.

The property included in this bond was, no doubt, in the custody of the law, and was not liable to be seized again on execution against the attachment debtor. The reason for the rule is, it would put it in the power of a stranger, by levy and sale, to render it impossible for the obligors to comply with the conditions of the bond. Drake on Attachments, § 303.

The sheriff that made the subsequent levy and sale was the successor of the officer to whom the bond was given. He will not be presumed, officially, to have known the property was in the custody of the law. Appellants temporarily had the legal custody, and when seized by any one, whether under process of court or otherwise, they could protect themselves by replevying the property. This they ought to have done, but they omitted to avail of their privilege. The loss sustained, if any, must therefore be attributed to their want of diligence in the defense of their interest in not employing the means the law had placed in their hands.

When the harvester was sold, it brought a much less price than the court found the value to be in assessing plaintiff's damages. It is insisted, the price it brought at the sheriff's sale is the best evidence of its value. This position can not be maintained. While the price realized at the public sale is evidence of the value of the property, it is not of that conclusive character insisted upon. It might have been sold under unfavorable circumstances, so that its full value could not be realized, or the sale might have been a very advantageous one, and the property brought more that its real value. Neither sale would afford any conclusive evidence of the value of the property. The price the harvester brought at the sheriff's sale was not conclusive of its value, but only evidence to be considered in connection with the other testimony in the case.

We can not say the finding of the court was not warranted by the evidence. No irregularity is perceived in either record which would authorize a reversal of the judgments, and they are accordingly affirmed.          *Judgments affirmed.*