## LEOPOLD LOEB v. LEON & H. BLUM.

### (No. 4677.)

ACTION.— The mere fact that goods are in the custody of the law is not sufficient to sustain an action for damages for the levy upon and sale of such goods under execution.

DEBTOR AND CREDITOR.— Assignment law of 1879 permits debtor in good faith to make a valid transfer of his property to one creditor in payment of a debt to the exclusion of other creditors.

APPEAL from Limestone county. Opinion by DELANEY, J.

STATEMENT.— This suit was brought January 28, 1880 (pleading amended November 1, 1881), by appellant against appellees to recover damages for the seizure of a stock of goods by the latter, which were claimed by the former. It appears that in November, 1879, one J. H. Loeb (brother of plaintiff) transferred to plaintiff his entire stock of goods in the town of Mexia. The transfer was made to pay an old debt. Plaintiff, who lived in New Orleans, left the goods in the hands of a former clerk of J. H. Loeb, and directed the clerk to let J. H. Loeb have whatever he needed out of the store. Soon after this H. B. Claflin & Co. levied an attachment upon the entire stock for a claim which they had against J. H. Loeb for the sum of $3,770. Appellant entered into an agreement with Claflin & Co. that he would hold the goods as receiver to abide the result of the suit. Attachment was dismissed and goods replaced in the store-house, but suit proceeded. January 19, 1880, an attachment issued from the county court of Limestone county in favor of appellant upon the goods in suit of Greenleve, Block & Co. v. J. H. Loeb. Appellant filed his bond and affidavit and retained the goods. On January 27, 1880, Leon & H. Blum levied an execution upon a portion of the goods valued at $1,700, which were sold under execution and proceeds appropriated by L. & H. Blum.

This suit was brought to recover for the appropriation of the goods; damages laid at $5,000. Tried March 8, 1882; verdict and judgment for defendants. The defense set up was fraud in the transfer of the goods.

OPINION.— The first question presented by counsel arises upon the facts as follows: Greenleve, Block & Co. levied a writ of attachment upon the goods, and appellant filed his affidavit and bond and retained the property. Shortly afterwards appellees seized the goods, sold them under execution against J. H. Loeb and appropriated the proceeds. These facts were alleged by the plaintiff as one of the

grounds of his claim for damages against defendants. The court sustained a special exception to this part of the petition and appellant presents that ruling as error.

The court did not err in the ruling complained of. If the goods, while in his possession, were in the custody of the law, it was his duty to maintain that custody and keep the goods. Roberts v. Dunn, 71 Ill., 46. It is a mistake to suppose that appellant could lawfully claim damages of L. & H. Blum merely because the latter may have wrongfully taken goods which were in the custody of the law. If L. & H. Blum wrongfully took plaintiff's goods the latter had his remedy, because the goods were his, but not because they were in the custody of the law. Appellant could easily have retained the goods; and the mere fact, therefore, that they were taken out of his possession is not one of which he can complain. But we think there was error in the charge given by the court in this: That an insolvent debtor cannot make a valid transfer of his property to one creditor, in payment of a debt, to the exclusion of other creditors, though it be done in entire good faith. Wagon Works v. Tidball, 59 Tex., 291; Greenleve, Block & Co. v. Blum, id., 124. We think the evidence in the record is sufficient to sustain the verdict and judgment; but whether the jury rendered their verdict on the evidence or charge we cannot say; therefore the judgment should be reversed and the cause remanded.