| 59 | 291 |
| 79 | 408 |
| 59 | 291 |
| 85 | 310 |
| 59 | 291 |
| 89 | 195 |

---

THE LA BELLE WAGON WORKS v. TIDBALL, VAN ZANDT & CO. ET AL.

(Case No. 4745.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS.— The act concerning assignments for the benefit of creditors of March 24, 1879, did not repeal the act concerning fraudulent conveyances in force prior to that time. Hart. Dig., art. 1451 *et seq.*; R. S., art. 2465 *et seq.* The eighteenth section of the act of March 24, 1879, which forbids any preference to a creditor or creditors, refers only to such assignments as are contemplated by provisions of the act.

Appeal from Tarrant.   Tried below before the Hon. A. J. Hood.

*Herring, Kelley & Williams,* for appellants, cited Adoue *v.* Seeligson, 54 Tex., 593, 602; Morgan *v.* The Republic, 2 Tex., 279; Bryant *v.* Kelton, 1 Tex., 415; Mills *v.* Walton, 19 Tex., 271; Woods *v.* Half, 44 Tex., 633; The Eagle Cotton Cases, 22 Wall., 187–8; Russell *v.* Carrington, 1 Am. Rep., 498; Ingalls *v.* Herrick, 11 Am. Rep., 361–2.

*Templeton & Carter,* for appellee.

West, Associate Justice.—In this case the court, in its fourth and seventh findings, uses the following language:

"Fourth. The court is of the opinion that while, under the law as it existed prior to the act of 1879, a failing debtor had the right to prefer creditors, provided he did so openly and fairly, yet from the circumstances hereafter set forth the court considers the attempted preference of defendant herein as invalid."

"Seventh. The court is, however, of the opinion that, by the passage of the assignment act of 1879, the right of a debtor in failing circumstances, or contemplating insolvency, to prefer a creditor, was abrogated.   And believing that Anderson, at the time of the conveyance to the defendant, was contemplating insolvency, that said act, being an attempt to prefer creditors, was null and void."

From these two findings, it is plain that the court heard and decided the cause under the belief that a right of a debtor in this state, in failing circumstances, or contemplating insolvency, to prefer one creditor to another, was in every case taken away by the passage of the act concerning assignments for the benefit of creditors, approved March 24, 1879 (took effect July 24, 1879).

This act did not repeal, nor was it intended to repeal, the act concerning fraudulent conveyances, in force in this state from the early days of the republic down to the present time.   Hart. Dig., art. 1451 *et seq.;* R. S., art. 2465 *et seq.*

There is no allusion in it, in terms, to that ancient statute, and it treats in general of a distinct class of cases, and only relates to assignments made under its terms for the benefit of creditors, and to the regulation of proceedings thereunder.

The eighteenth section of that act, which forbids any attempted preference of a creditor or creditors, refers only to such assignments as are contemplated by provisions of the act of March 24, 1879. R. S. Appendix, p. 8.

This act has no repealing clause.   The purpose of the legislature

would have to be announced in the most unmistakable manner before this court would feel justified in holding that the statute of this state concerning fraudulent conveyances has been repealed or abrogated.

Assignments for the benefit of creditors, when they come within the scope of the act of 24th March, 1879, are governed by its provisions.

In other respects, the ancient statutes of 13th and 27th Elizabeth, from which our statute of fraudulent conveyances is borrowed, and in part copied, and which has been declared by Lord Mansfield (the very highest authority) to be itself nothing more than a declaration, by act of parliament, of what the common law was from the beginning, is still in force here.

We think this error of the court was in this case material, and it may have, and probably did, affect the result.

It is not deemed proper, as the case will again be tried, and perhaps with different and fuller proof, to express any opinion as to its merits.

The law, in general, applicable to such cases has been often passed upon by the court, and need not specially be referred to. Edrington v. Rogers, 15 Tex., 189; Moseley v. Gainer, 10 Tex., 393; Howerton v. Holt, 23 Tex., 53; Greenleve, Block & Co. v. L. & H. Blum (Galveston Term, 1883).

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 24, 1883.]