<hr />

## LEOPOLD LEOB v. LEON & H. BLUM.

IN THE SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Action.*—The mere fact that goods are in the custody of the law is not sufficient to sustain an action for damages for the levy upon, and sale of, such goods under execution.

*Debtor and Creditor.*—The act of Nov. 3rd, 1879, (assignment law) does not prevent an insolvent debtor from making a valid transfer of his property to one creditor in payment of a debt, to the exclusion of other creditors, if it be done in entire good faith.

Appeal from Limestone county.

T. J. Gibson, for appellant.

Simpkins & Simpkins, for appellee.

This suit was brought January 28th, 1880, (the pleading having been amended Nov. 1st, 1881,) by appellant against appellees to recover damages for the seizure of a stock of goods by the latter, which were claimed by the former. It appears that in November, 1879, one J. H. Loeb (a brother of plaintiff) transferred to plaintiff his entire stock of goods in the town of Mexia. The transfer was made to pay an old debt. Plaintiff, who lived in New Orleans, left the goods in the hands of a former clerk of J. H. Leob; and directed the clerk to let J. H. Leob have whatever he needed out of the store.

Soon after this, H. B. Claflin & Co. levied an attachment upon the entire stock, for a claim which they had against J. H. Leob, for the sum of $3,770. Appellant entered into an agreement with Claflin & Co. that he would hold the goods as receiver to abide the result of the suit. Whereupon the attachment was dismissed and the goods replaced in the store house, but the suit proceeded.

About January 19th, 1880, an attachment from the county court of Limestone county, was levied upon the goods at the suit of Greenleve, Block & Co. against J. H. Loeb. Appellant filed his bond and affidavit under the statute for the trial of the right to the property, and retained the goods—the cause being docketed in the district court a Greenleve, Block & Co. v. L. Loeb.

On January 27th, 1980, Leon & H. Blum levied an execution upon a portion of the goods, valued at $1,700, which were sold under the execution, and the proceeds appropriated by said firm of L. & Blum. This suit is brought to recover for the appropriation of the goods, and damages laid at $5,000. The cause was tried March 8, 1882, and verdict and judgment for defendants. The defense set up was *fraud* in the transfer of the goods.

Delaney, J.: The first question presented by counsel arises upon the following facts: Greenleve, Block & Co. levied a writ of attachment upon the goods, and appellant filed his affidavit and bond to try the right of property. Shortly afterwards appellees seized the goods, sold them under execution against J. H. Loeb and appropriated the proceeds. These facts were alleged by the plaintiff as one of the grounds of his claim for damages against the defendants. The court

sustained a special exceptiou to this part of the petition, and appellant presents that ruling as error. He insists that after the sheriff had levied the writ of Greenleve, Block & Co. upon the goods, they were in the custody of the law; that when he presented to the officers his bond, and took the goods, they remained still in the custody of the law; and that when another officer under the direction of appellees took the goods out of his possession, it was a trespass, for which the appellees are responsible. Our opinion is that the court did not err in the ruling complained of ; and this is so whether the goods were in *custodia legis* or not. If the goods, while in his possession, were in the custody of the law, it was his duty to maintain that custody and keep the goods. And it was just as much his duty to keep them from a second and unauthorized levy of an attachment or excution as it was to protect them from loss by fire.

In the case of Roberts v. Dunn (71 Ill., 46), after the defendant's replevy of his property which had been attached at the suit of a creditor, it was seized and sold under execution to satisfy another debt. As an excuse for not restoring the property to the sheriff in the first case, the defendant pleaded the second levy. The court says, " The property included in this bond was no doubt in the custody of the law and was not liable to be seized again on execution against the attachment debtor. * * * Appellants temporarily had the legal custody, and when seized by any one, whether under process of court or otherwise, they could protect themselves by replevying the property. This they ought to have done, but they omitted to avail of their privilege. The loss sustained, if any, must therefore be attributed to their want of diligence in defense of their interest in not employing the means the law had placed in their hands."

It is a mistake to suppose that appellant could lawfully claim damages of L. & H. Blum, merely because the latter may have wrongfully taken goods which were in the custody of the law. If L. & H. Blum wrongfully took the plaintiff's goods, the latter would have his remedy, because the goods were his, but not because they were in the custody of the law. It is not necessary therefore in this case to determine whether the goods, while in the possession of appellant were in *custodia legis* or not, and we prefer not to decide that question until it is necessary.

If appellant had desired to retain the goods he could easily have

done so. The mere fact, therefore, that they were taken out of his possession is not one of which he can complain.

But we think there was error in the charge given by the court which is set out in the third sub-division of the agreed case. The court in framing this charge appears to have held that since the act of Nov. 3, 1879, (R. S. App. p. 5,) know as the assignment law, an insolvent debtor cannot make a valid transfer of his property to one creditor in payment of a debt, to the exclusion of other creditors, though it be done with entire good faith. Since the trial of this cause the reverse has been practically determined. (Abille Wagon Works v. Tidball, 59 Tex., 291, Greenleve, Block & Co. v. Blum, Id. 124.)

We agree with counsel that the evidence in the record is sufficient to sustain the verdict and judgment; but whether the jury rendered their verdict upon the evidence or the charge, we cannot say. We think therefore that the judgment should be reversed and the cause remanded.