SMITH ET AL. V. MOORE.

(No. ——.)

APPEAL from Galveston County. Opinion by HURT, J.

WAUL & WALKER, counsel for appellants.

BURNETT & HANSCOM, counsel for appellee.

§ 217. *Fraudulent conveyance of goods; badges of fraud; charge of the court as to; case stated.* E. P. Clegg was doing business as a merchant in Galveston and owned a stock of goods, which he conveyed to C. H. Moore in trust for the payment of certain debts specified in the conveyance. By the terms of the conveyance the trustee was empowered to sell the goods for cash, the "sale to be made in parcels, or in such manner as may be deemed best to realize the best value for the goods." The conveyance was recorded on the day it was executed. Afterwards a portion of the goods was taken under an execution on a judgment in favor of Smith & Boullemet against Clegg, and the trustee, C. H. Moore, brought this suit to recover the value of the goods so seized and converted. The attorney, Walker, who directed the levy, and the constable, Finn, who made it, were made parties.

There was no service upon Smith & Boullemet, and the suit was discontinued as to them. The defendants Walker & Finn justified by a special plea, in substance, that the conveyance from Clegg to the plaintiff was made to defraud Smith & Boullemet and to hinder and delay the creditors of Clegg; that it attempted to convey a stock of goods, wares and merchandise daily exposed for sale in parcels in the regular course of business, and that it was contemplated that Clegg should remain in possession and control the same by sale; that in pursuance of such design Clegg did remain in full and absolute control of the goods, and sold them in parcels for nearly a year, merely using the name of Moore as a cover for fraud, in which Moore concurred, and that Clegg contemplated receiving, and did receive, pecuniary benefit out of the goods; that the goods were the community estate of Clegg and wife, and subject to the judgment, which was for a community debt; that they were not taken from the possession of Moore, but of Clegg, who had full control, management and disposition of them. Verdict and judgment for plaintiff, from which appeal was taken. One of the debts named in the conveyance was due the wife of E. P. Clegg, but no assignment presented in the brief of appellants questions the good faith of that indebtedness; no assignment asserts that any of the debts named in the conveyance were not just and owing by the maker. It is contended that under provisions of Sayles' Civil Statutes, 65r, and the evidence in the case, the conveyance was absolutely void.

The following assignment is presented: The court erred in the following part of the general charge: "If Moore took actual, visible and open possession of the goods under the deed of trust, and simply allowed Clegg to remain in the store for the purpose of assisting him in disposing of the goods, and did not surrender the possession and control to Clegg, then the mere fact that Clegg was there under such circumstances would not render the

transaction in question invalid," because that part of the charge, in effect, instructed the jury that Clegg could manage the business and dispose of the stock by sales in parcel, without being evidence of fraud, and because the charge was on the weight of evidence, it assuming that the facts enumerated conclusively disproved any fraudulent intent in making the instrument, and because the evidence was full and conclusive that Clegg had full control and management of the goods and of their sale, and the facts did not warrant the charge. In a previous paragraph the jury were told, "to make the deed of trust valid, the possession of the goods must have changed from Clegg to Moore, and such change of possession must have been an actual change of possession, and not merely a simulated change of possession. An actual change of possession is an open, visible, public change," etc. "If the conveyance provided that the possession should pass to the grantee, yet the possession actually remains with the grantor, then there would be no change of possession." The jury were further told that the question of possession they were to determine from all the facts and circumstances in evidence before them. The court further charged: "You are instructed that the fact that no inventory of the stock of goods conveyed was made and attached to the deed of conveyance or mortgage, and also the fact that Clegg may have been put in possession and control of the goods, if you find from the evidence that such is the fact, such facts are made by law badges of fraud,— that is, such facts raise a presumption that the deed of trust was fraudulent; . . . and unless the plaintiff satisfies you from the evidence that the transaction was fair and not fraudulent, and repels the presumption arising on these badges of fraud, the deed of trust would be void. But if you are satisfied from the evidence that, notwithstanding these badges, the transaction was fair, . . . then these badges cannot affect the good faith of the transaction."

The evidence shows that no inventory of stock was made at the time of transfer, and there is evidence tending to show that, while the trustee, Moore, took possession immediately, it was a simulated possession, and that afterwards Clegg assumed actual control and possession; at least, as is claimed by counsel for appellants, he had a joint possession with the trustee, Moore. As we have said, the appellants contend that the fact that Clegg had possession after the transfer to Moore rendered the instrument void absolutely, and that this is so by reason of said article 65r. This proposition cannot be maintained. It has been held in many cases by the supreme court that the provisions of the act cited have no application to instruments of the character of the one in this case. The provisions of that act refer to such instruments as are made under the act or in contemplation of a statutory assignment. [Scott v. McDaniel, 67 Tex. 315; Watterman v. Sillerberg, id. 101; Hudson v. Elevator Co., 79 Tex. 401; La Belle v. Tidball, 59 Tex. 291.] In the case last cited it was held that the act we are considering did not repeal our statute with reference to "Fraud and Fraudulent Conveyances" (art. 2465, R. S.), and, this being true, the charge of the court in this case must be tested by the older statute and the decisions construing it, and when thus tested, the charge will be found correct when taken as a whole. Counsel for appellant do not give all of the charge bearing upon the question of fraud. The court instructed that, in order to render the trust-deed valid, there must have been an actual change of possession, and not merely a simulated one, and it defined "actual possession" as an open, visible, public change, manifested by such outward signs as rendered it evident that the possession of the owner had ceased. The charge further informed the jury "that the fact that there was no inventory placed the burden of proof on appellee to show that the trust was *bona fide.*" With these instructions, taken in connec-

tion with those cited by appellants, certainly appellants cannot justly complain.

§ 218. *Evidence sufficient to support verdict and judgment.* It is assigned as error that "the court erred in refusing a new trial, for the verdict is contrary to the evidence. (1) Because the badge of fraud in want of inventory being shown, fraud was presumed, which was not rebutted by the evidence. (2) The evidence clearly showed that Clegg had management and control of the goods, and that it was in contemplation that he should control and manage their sale. (3) The evidence showed the intention of Clegg to derive a benefit out of the goods, for he fraudulently acquired $500 or $1,000 by a pretended purchase, under an assumed name, without consideration." While there are a great many circumstances tending to establish fraud, still, with all of the facts considered, we cannot say that the verdict, which sustains the good faith of the transaction, is against the evidence.

Counsel for appellants contended that, under facts of this case, the verdict and judgment against Walker, who was the attorney for Smith & Boullemet, the execution creditors, was not warranted by the evidence. Neither the petition nor the answer disclosed the character in which Walker acted in the transaction. There was no requested charge upon this subject, and in this state of the record we do not feel called upon to reverse the judgment upon this ground.

February 14, 1891.                    Affirmed.