## James H. Gilbert, for use, etc., v. Estate of Christoph Yunk.

1. ATTACHMENT—*Forthcoming Bond Construed.*—A forthcoming bond recited that whereas a writ of attachment issued out of the Circuit Court of Cook County at the suit of Emil Gasch and Charles Deubler, plaintiffs; and that by virtue of that writ the sheriff has attached the property; and it is stated that if the property attached shall be forthcoming to answer the judgment of the court in said suit, the obligation is to be void. *Held*, that the sureties are bound only in the one case described in the bond, although the bond recites that the same property is also subject to attachment writs in five other cases.

2. SAME—*Nature of a Forthcoming Bond.*—A forthcoming bond takes the place of the possession of the officer in an attachment proceeding. Where it is judicially determined upon the trial of the attachment issue that the attachment was wrongfully levied, judgment in favor of the attachment debtor on that issue entitles him to a return of the property attached, without waiting for the determination of any other issue. When the attachment debtor has become thus entitled to the return of the property attached, he is no longer obligated by his forthcoming bond to hold or produce it to answer the further judgment of the court in the suit, because the condition of the bond to answer the judgment has been satisfied as to the subject-matter for which it was given.

**Appeal from Probate.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed December 4, 1903.

The Probate Court entered an order disallowing a claim against the estate of Christoph Yunk, deceased, from which an appeal was taken to the Circuit Court, where appellant's claim was again disallowed, and from that order this appeal is prosecuted.

The claim is based upon a forthcoming bond given by the deceased in connection with other parties. The bond was given to the sheriff to obtain the release of property seized under attachment. Five attachment suits had been commenced in the Circuit Court of Cook County, and two in the Superior Court. The property was held by the sheriff under attachment writs in said suits. The value of the property was placed at $40,000, and all the property

seized under the different writs was released by the sheriff upon receiving the forthcoming bond upon which appellant bases the present claim.

The bond runs to the sheriff, as provided by the statute, and its condition recites "that whereas, on June 7, 1893, a certain writ of attachment issued out of the Circuit Court of Cook County at the suit of Emil Gasch and Charles Deubler, doing business as Deubler & Gasch, plaintiffs, against the estate of C. L. Niehoff and Company, defendant, directed to the sheriff of Cook county to execute, by virtue of which said writ the said sheriff, James H. Gilbert, has attached the following described property, to wit:    (Here follows a list of the property attached, and it is then recited) " that the value of the above described property does not exceed $40,000, and that the above property is subject to attachment writs No.  *  *  *   14,839 Superior Court, Stuckart v. Niehoff" (giving also the numbers and titles of the five cases in the Circuit Court and the other case in the Superior Court).    The bond concludes:

" Now, if the said estate and property shall be forthcoming to answer the judgment of the court in said suit, then this obligation to be void," etc.

It is said that the two attachments issued out of the Superior Court were, upon the trial of the attachment issue, sustained; but in the Circuit Court cases the juries found that issue for the defendants, although the finding was in favor of the plaintiffs upon the assumpsit issues.

The suit of Henry Stuckart et al., claimants herein, was one of those prosecuted in the Superior Court in which the attachment was sustained, and it is sought in this proceeding to recover against the estate of the deceased, under said forthcoming bond, the amount of the claimant's final judgment in the Superior Court.

J. HENRY KRAFT, attorney for appellant.

GEORGE W. STANFORD, attorney for appellee; ALBERT H. MEADS, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellant that the forthcoming bond in controversy, given under section 14 of the Attachment act (R. S., Chap. 11, Sec. 14), covers all the attachments then levied, and that the two attachments in the Superior Court having been sustained, the estate of the deceased, who was one of the sureties on the forthcoming bond, became liable for the amount of the judgment rendered in favor of the claimant in that court.

The condition of the bond, however, does not disclose an intention that the property described therein shall be forthcoming to answer the judgment of the court in more than one suit, which is therein specifically described. It recites that whereas a " writ of attachment issued out of the Circuit Court of Cook County at the suit of Emil Gasch and Charles Deubler, plaintiffs; " and that by virtue of that writ, the sheriff has attached the property; and it is stated that if the property attached " shall be forthcoming, to answer the judgment of the court in said suit," the obligation is to be void. In this language it is, we think, impossible to find any warrant for holding that the obligation is not to be void unless the property is likewise forthcoming to answer the judgment in some other suit. It is true the bond recites that the same property is also subject to attachment writs in five other cases, but the sureties on this bond expressly obligated themselves only in the one case, and we have no power to extend their liability beyond its express terms. They did not agree to be bound in the case wherein the judgment was obtained by the claimant in this proceeding.

While this conclusion is decisive of the question before us, another question is elaborately argued, which may be of importance collaterally as to some of these judgments, and we have concluded, therefore, to express our views thereon. It is argued by appellant's attorney that upon the giving of a forthcoming bond the attachment ceased to be an issue; that whatever may have been the finding upon

the attachment issue, the property attached is still subject to be produced under the forthcoming bond to answer the final judgment upon the issue in assumpsit.    It is therefore contended that failure to produce it to be applied in satisfaction of the judgments upon the merits against the debtor, violates the condition of the bond in the cases referred to as fully as if the attachment issued had been decided in the Circuit Court cases in favor of, instead of against, the attaching creditors.    But the attachment does not cease to be an issue upon the giving of a forthcoming bond.    As said in Smith v. Packard, 98 Fed. Rep. 793, cited by appellant, "The levy of a writ of attachment consists in the seizure, actual or constructive, of the property attached; and it is essential to the lien created by the attachment of personal property—at least as against subsequent purchasers or attaching creditors—'that the property should be removed and held in the custody of the law.'    For that purpose a forthcoming bond takes the place of the possession of the officer."    It does not change the rights of the parties with reference to the attachment issues.

The statute provides (R. S., Chap. 11, Sec. 27) that the defendant may plead traversing the attachment, and if upon trial thereon the issue shall be found for the defendant, the attachment shall be quashed, "and the costs of the attachment shall be adjudged against the plaintiff, but the suit shall proceed to final judgment as though commenced by summons."    When, therefore, it is judicially determined upon the trial of the attachment issue, that the attachment was wrongfully levied, judgment in favor of the attachment debtor on that issue entitles him to a return of the property attached without waiting for the determination of the other issue as to whether the attaching plaintiff is or is not entitled to a judgment in assumpsit.    When the attachment debtor has become thus entitled to a return of the property attached, he is no longer obligated by his forthcoming bond to hold or produce it to answer the further judgment of the court in the suit, because the condition of the bond to answer the judgment has been satisfied as to the

subject-matter for which it was given. When the attachment is dissolved, the debtor stands in the same position as any other party defendant in a suit at law in this state, whose property is free from liens in favor of his creditors, until the latter have reduced their claims to judgment. We are of opinion, therefore, that the provision of the statute and condition of the bond " to answer the judgment of the court in said suit" refers to a judgment upon the attachment issue as well as upon the merits. If no judgment is rendered upon either one of these issues in favor of the plaintiff the condition of the bond is satisfied. See Fernau v. Butcher et al., 113 Pa. St. 292–299. A judgment quashing the attachment writ, therefore, fulfills the condition of the forthcoming bond and discharges the sureties thereon.

In the case before us the bond sued upon was given specifically to answer the judgment of the court in the suit therein mentioned only, and did not inure to the benefit of other claimants for whose use appellant sues. There are other points presented in the ingenious argument of appellant's attorney, which, however, we do not deem it necessary to consider at length as the case stands.

The judgment of the Circuit Court must be affirmed.