## Bill Vervaris, Appellee, v. Dennis J. Egan, Bailiff, on appeal of Peter Frankos, Appellant.

### Gen. No. 27,113.

1. CHATTEL MORTGAGES—*validity as to third persons of chattel mortgage by nonresident mortgagor.* A chattel mortgage of a motor truck is not valid as to third persons, notwithstanding its recordation in Illinois, where the evidence shows that the truck was used and kept outside the State, although it is described in the mortgage as located within the State and the mortgagor is a nonresident.

2. ATTACHMENT—*priority of lien over chattel mortgage.* The lien of an attachment is prior to that of a chattel mortgage where the attaching creditor instituted attachment proceedings and acquired a lien on the mortgaged chattel while it was in the possession of the mortgagor and before any of the mortgage notes were due and where the chattel mortgage is ineffectual as against third parties, and the priority thus acquired is not divested either by resumption of possession by the attachment debtor under a forthcoming bond or by an attempted foreclosure of the mortgage and a sale of the chattel thereunder.

Appeal from the Municipal Court of Chicago; the Hon. GEORGE
B. HOLMES, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1921. Reversed. Opinion filed November 29,
1922.

LITSINGER, HEALY & REID, for appellant.

JAMES B. HEFFERNAN, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

This action was brought to try the question of right of property as to a certain automobile truck. The issues were presented to the court without the intervention of a jury, and the court found the right of property to be in the plaintiff and entered judgment accordingly, to reverse which, the defendants have perfected this appeal.

It appears from the record that one Geladas, who was one of four partners, doing business as Geladas & Company, borrowed a sum of money from one Mendas, and as security on that loan executed a chattel mortgage covering the truck in question. The evidence shows, without contradiction, that at the time this mortgage was given Geladas was engaged in business and resided in Hammond, Indiana, and that he used the truck in connection with his business there, and kept it in a barn located there. The mortgage was acknowledged through an attorney in fact, before the clerk of the municipal court of Chicago on December 26, 1919, and, on January 6, 1920, it was recorded in the recorder's office of Cook county, State of Illinois.

On February 5, 1920, the defendant Frankos started attachment proceedings against Geladas & Company, the ground of attachment being the nonresidence of the four partners in that business. On the same date an attachment writ was issued and it was executed by the bailiff by attaching the truck in question, apparent-

ly at a time when it was within his jurisdiction, and further, on the same date, Geladas gave the bailiff a forthcoming bond, covering the truck, and thereupon the bailiff allowed Geladas to retain the truck in his possession and he continued to use it.

During the following month the mortgagee, Mendas, above referred to, sold the mortgage notes and assigned the mortgage to Magdalinos. Apparently in December, 1920, the first note became due under the mortgage, and Magdalinos made a demand on Geladas for payment. The latter was unable to pay, and under foreclosure sale, as provided by the terms of the chattel mortgage, Magdalinos bought in the truck for the amount of the debt secured by the mortgage, and several months later, namely, in March, 1921, Magdalinos sold the truck to the plaintiff, Vervaris, and gave him a bill of sale therefor.

A few months after the sale of the truck by Magdalinos to Vervaris, namely, in May, 1921, the attachment suit which had been instituted by Frankos came to trial, and it resulted in a verdict in favor of Frankos and against Geladas and his partners. Judgment on the verdict was duly entered and execution was issued, and on June 29, 1921, the bailiff of the municipal court levied the execution on the truck. A few days later the plaintiff instituted the proceedings at bar to determine the right of property in the truck.

In our opinion, the evidence in the record failed to establish right of property in the plaintiff. He, necessarily, derived such title as he had, by virtue of the chattel mortgage, but the evidence fails to establish that this mortgage was valid and legal as against third parties. We know of no method whereby a mortgage covering chattels located in some other State may be executed by the owner thereof, who is a resident of that other State, and be made effective, as against third parties, by being recorded here. Under the provisions of section 4, of chapter 95 of our statutes [Ca-

hill's Ill. St. ch. 95, ¶ 4], a chattel mortgage should be recorded in the county in which the mortgagor resides at the time the mortgage is executed and recorded, or, in case the mortgagor is a nonresident, then in the county where the property "is situated and kept." As pointed out above, the evidence in this record shows that the mortgagor lived in Indiana and was engaged in business in that State, and in connection with the conduct of that business the truck was used and kept in a barn in Hammond,—presumably connected with the business in question. It would seem from the evidence in the record that in the conduct of that business there was frequently occasion to make trips with this truck from Hammond to Chicago and return, and it also appears that on the day the mortgagor got the money on the loan, for which he was giving the mortgage, he drove the truck to the place of business of the mortgagee on South State street in the City of Chicago, but those facts would not warrant a finding that the truck was "situated and kept" in Cook county or be such as to furnish ground for giving a mortgage validity, as against third parties, by recording it in Cook county. The mortgage, itself, refers to the truck as "located at No. 1729 South State Street in the City of Chicago, County of Cook and State of Illinois," but the evidence shows the contrary as stated above.

The mortgage was treated by the parties as an Illinois contract. It is difficult to see how it could be treated otherwise, inasmuch as it was acknowledged and recorded in Cook county. But, as the mortgagor was a nonresident, and the property covered by the mortgage was situated and kept in Indiana, our opinion is that the mortgage was entirely ineffectual to pass the title, as against third parties.

While the mortgagor, Geladas, had possession of the truck and before any of the mortgage notes had become due, the defendant Frankos, the creditor of

Geladas, instituted his attachment proceedings and acquired a lien on the truck, when it was taken on the attachment writ. The chattel mortgage being ineffectual, as against third parties, the lien thus acquired by the attaching creditor, Frankos, was a first lien. That lien was preserved to the attaching creditor, Frankos, just as though the truck continued from that date in the possession of the bailiff, and notwithstanding the fact that Geladas was permitted to resume possession of the truck upon giving a forthcoming bond. 6 C. J., p. 335, sec. 692j; 4 Cyc. 684; *Roberts v. Dunn*, 71 Ill. 46; *Gilbert v. Yunk's Estate*, 110 Ill. App. 558. Inasmuch as the lien acquired by the defendant, Frankos, continued in full force and effect from and after the date of the attachment levy, February 5, 1920, the subsequent proceedings, purporting to foreclose the chattel mortgage, and the purchase of the car at the foreclosure sale, by Magdalinos, and the subsequent sale of the truck to the plaintiff, were to no avail, as against Frankos.

For the reasons stated, our opinion is that the right of property in the truck in question was in the defendant, Frankos, and the judgment of the municipal court is therefore reversed.

*Reversed.*

TAYLOR and O'CONNOR, JJ., concur.