## CHAUNCEY HOLMAN v. SAMUEL S. KIMBALL.

Communications made by a party to one who is acting as his counsel in the commencement and management of a suit, but who has not been admitted as an attorney, and who is not a clerk in the office of an attorney, are not privileged, although he may be pursuing the study of the law under the direction and instruction of one who is an attorney.

TROVER for a quantity of hay, &c. Plea, the general issue, and trial by the jury, December Term, 1849,—POLAND, J., presiding.

On trial the defendant offered in evidence the deposition of Thomas Abbott, to prove admissions and communications relating to this suit, made by the plaintiff to Abbott, while he was acting as counsel and attorney for the plaintiff in this suit. It appeared, that Abbott had an office and did business as a lawyer in Barton, where the plaintiff resided, and that he was employed by the plaintiff to bring this suit. Abbott's name was indorsed upon the writ, as attorney for the plaintiff, and after the suit was entered in this court, upon appeal, his name was entered upon the docket, as attorney for the plaintiff. Abbott had previously been a student in the office of Mr. Cooper, an attorney at Irasburgh, and was still pursuing his studies under Mr. Cooper's direction, but had an office and did business upon his own account; and he had not been admitted to the bar, as an attorney, at the time above referred to, but subsequently was admitted. The court excluded the depositions. Other questions were made upon the trial, and were argued in the supreme court; but as they were not decided by the court, they need not be stated. Verdict for plaintiff. Exceptions by defendant.

*T. P. Redfield*, for defendant, insisted, that Abbott's deposition should have been received, and cited 2 Stark. Ev. 229, and 1 Phil. Ev. 183.

———— for plaintiff.

Hunt *v.* Taylor et al.

The opinion of the court was delivered by

REDFIELD, J.   Some questions are raised, in regard to the merits of this case, which are claimed to have been decided, when the case was last before this court; but not having participated in that decision I could say nothing in regard to it. . As the question in regard to the admissibility of Abbott was decided by this court in Windsor county, on the winter circuit, and the case must go back for a new trial, that his testimony may be received, I have spent no time in regard to any other question.   The privilege of refusing to disclose confidential communications in court, by the English law, extends only to the relation of client and counsel, or attorney; and to extend it beyond that limit would be embarrassing to courts and liable to the grossest abuses.   The attorney's clerk is considered the same as the attorney himself; but this is not the privilege of the clerk, or of the client growing out of his relation to the clerk, but solely out of his relation to the attorney; and when that relation does not exist, the claim for privilege has no just basis to rest upon.

Judgment reversed and case remanded.