## CHARLES McLAUGHLIN
### v.
## DAVID GILMORE.

1. EVIDENCE—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT. —The rule that prohibits an attorney from disclosing what he has learned from his client while acting in the capacity of legal adviser, was established in the interest of justice, and out of regard to the practice in the courts; the effect of the rule being, however, to suppress the truth, it is to be construed strictly, and the burden is upon the party claiming the benefit of the rule to show the communications privileged.

2. COMMUNICATIONS TO ONE NOT A LICENSED ATTORNEY.—The statute of this state recognizes only one class of persons as attorneys: those who have been admitted by the Supreme Court to practice the profession, and communications made by a party to a suit before a justice of the peace, to a person who is not a licensed attorney, with a view to such person trying the cause before the justice, are not privileged.

APPEAL from the Circuit Court of LaSalle county; the Hon. E. S. LELAND, Judge, presiding.

Mr. H. T. GILBERT, for appellant; insisting that the communication was not privileged, cited 2 Starkie's Ev. 290; 1 Greenleaf's Ev. § 239; 2 Best on Ev. § 581; 1 Phillips' Ev. 140; Wilson v. Rastall, 4 T. R. 759; Taylor v. Foster, 2 C. & P. 195. Fountain v. Young, 6 Esp. 113; Perkins v. Hawshaw, 2 Starkie, 239; Foster v. Hall, 12 Pick. 89; Pearson v. Stearly, Morris, 136; Sample v. Frost, 10 Iowa, 266; Holman v. Kimball, 22 Vt. 555; Barnes v. Harris 7 Cush. 576; Whiting v. Barney, 30 N. Y. 330; Woburn v. Henshaw, 101 Mass. 200; King v. Barrett, 11 Ohio St. 264.

Mr. R. D. McDONALD, for appellee; that the communication was privileged, cited Rev. Stat. 1845, 74 §§ 11, 12; Rev. Stat. 1874, 642, § 30; 643 § 35; Annesly v. Earl, of Anglesea, 17 How. State trials, 1139; Rogister Bank v. Snydam, 5 How. 254; Whiting v. Barney, 30 N. Y. 330; Mallory v. Benjamin, 9 How. Pr. 419; Bean v. Quimby, 5 N. H. 97.

PILLSBURY, J. The only point submitted to the decision of court in this case is, whether the court below erred in refusing to compel the witness, Austin Smith, to answer the question propounded to him by counsel for appellant.

The appellant placed said witness upon the stand, who testified that he had a conversation with the defendant relative to his defense to the suit. He was thereupon asked by counsel for appellant to state when and where the same took place, and what the defendant said in regard to his defense to the suit. Witness then answered " that defendant, Gilmore, came to see me and consult with me about his defense to this suit, for the trial before the justice, and get legal advice of me in regard thereto, and all the conversations I have had with him about the suit have been had while I have been acting as his legal adviser and attorney in regard to the suit. I am not a member of the legal profession—that is, I am not a licensed attorney, and have never been admitted to the bar, but I sometimes practice as an attorney before justices of the peace, and take pay therefor."

Upon objections being made by defendant, that the communication of the defendant to the witness was privileged under the law, the court sustained the objection, and appellant excepted. A verdict and judgment went against the appellant, and he brings the record here, assigning for error such action of the court below.

The rule that prohibits the attorney from disclosing what he has learned from his client while acting in the capacity of legal adviser, was established in the interest of justice, and out of regard to the practice in the courts. As it became necessary to employ persons skilled in the jurisprudence of the country to manage cases in courts for litigants, it became alike necessary to establish and enforce such a rule as would protect the client in making full and free disclosures to his counsel, to enable him the better to prepare for a proper presentation of the cause to the court, or advise him relative to his legal rights, duties and obligations. As the effect of the rule, however, is to suppress the truth, it is to be construed strictly, and the burden is upon the party claiming

the benefit of the rule to show the communications privileged.

Mr. Phillips, in his work on Evidence, says: "With respect to the character and situation of the party receiving the communications, it is to be observed that this professional privilege extends to the three cases of counsel, attorney and solicitor, and that it is confined to these cases, treating the agent or clerk of the attorney, or an interpreter between counsel and client, as being in precisely the position of attorney."

In Greenleaf on Evidence, section 239, the rule is stated, that in order to be protected, the communication must have been made to the counsel, attorney or solicitor, acting for the time being in the character of legal adviser. For the reason of the rule having respect solely to the unembarrassed administration of justice, and to security in the enjoyment of civil rights, does not extend to things confidentially communicated to other persons, nor even to those which come to the knowledge of counsel when not standing in that relation to the party.

In Wilson v. Rastall, 4 Term. Reports, 753, the court of King's Bench, while stating that in many cases, it was to be lamented that the rule was not extended to other confidential communications, yet hold that it is limited as above stated; and Shaw, C. J., in Foster v. Hall, 12 Pick. 89, announced the same doctrine. "Some points," he says, "seem clearly settled by the cases. It is confined strictly to communications to members of the legal profession, as barristers and counselors, attorneys and solicitors."

It is contended, however, in this case, by the appellee, that a license to practice in this State before a justice of the peace, is not required by statute, and therefore a party has a right to employ whomsoever he will to assist or advise him, or manage his cause before a justice, and having this right, it should not be abridged by withdrawing from them the shield of protection and secrecy which the law guarantees to the client in his communications with the attorney.

While it may be conceded that a litigant before a justice of the peace can employ any person he may choose to conduct his cause in that tribunal, it does not follow therefrom that such person is, for the time being, transformed into an attorney at law.

The statute does not so declare him. The law nowhere invests him with the rights and privileges of such, nor impose upon him the duties and obligations of the profession. In case he should be sued by his client for malpractice before a justice, the courts would hardly hold that he must exercise that degree of skill in the management of the case that is usually attained by members of the profession. Neither would they desire that their liabilities should be measured by that standard. It is apprehended that such party is employed under the law, not as an attorney or counselor at law, but in the character of an agent merely, and as such would only be held to assume the liability of an agent.

The statute of this State recognizes only one class of persons as attorneys; those who have been admitted by the justices of the Supreme Court to practice the profession, and we are not prepared to hold that every one who may try a case before a justice of the peace is, in the law, a member of the profession.

Happily we are not without additional authority more directly in point than those above cited. In the 10th Iowa, 266, it was held that communications relating to the subject matter of a suit, made by one of the parties thereto, to a person supposed to be an attorney, with a view to engage him professionally in said suit, when such person was not an attorney at law, but was receiving business as one, and was expecting to be, and was admitted to practice at the next term of court, were not privileged. The court quoted with approbation the case of Fountain v. Young, 6 Esp. 113, that the person consulted must be of the profession of the law, and it is not enough that the party making the communication thinks he is.

In Holman v. Kimball, 22 Vt. 555, the defendant below offered in evidence the deposition of one Thomas Abbot, to prove admissions and communications relating to the suit made by the plaintiff to Abbot while he was acting as the attorney and counsel for the plaintiff. It appears that Abbot had an office and did business as a lawyer in Barton, where the plaintiff resided, and that he was employed by the plaintiff to bring the

McLaughlin v. Gilmore.

suit. Abbot's name was endorsed upon the writ as the attorney for the plaintiff, and upon the court docket in the Supreme Court upon appeal. Abbot had previously been a student in a law office, and was still pursuing his studies, but had an office and did business on his own account. He had not been admitted to the bar as an attorney at the time above referred to, but was subsequently admitted. The court below excluded the deposition, and the defendant excepted. The Supreme Court for this error reversed the judgment, holding that Abbot, not being a member of the profession, was not within the rule.

So in Wisconsin the rule is declared to be the same. Brayton v. Chase, 3 Wis. 456. The facts there were that the defendant proposed to have the witness disclose what Brayton had told him on a certain occasion, to which the plaintiff objected, because what he told the witness at the time referred to was told to him as the counsel or agent of said Brayton at the time he had a suit before a justice about the same subject matter; that Brayton had employed witness to try said cause for him before the justice, and to enable witness to do so he had made the disclosure, etc. It was admitted that the witness was not a licensed attorney of any court of record in the State of Wisconsin. The court say: "The communication which was made to the witness by the plaintiff was not privileged. In order to give that character to a communication, it must be made to the counsel, attorney or solicitor, acting for the time being in in the character of legal adviser. But the witness was merely employed by the plaintiff to assist him at the trial before the justice, and was not an attorney, counselor or solicitor."

We have been referred to but one case, that of Bean v. Quimby, 5 N. H. 94, which militates against the rule announced by the above authorities; but upon an examination of the case it will be seen that the court hold contrary to the common law rule, because of a statute of that State, which in terms authorizes any one to commence and manage any cause in any court when employed to do so by another. The decision being based upon a statute of that State, cannot be considered as seriously affecting the common law rule in force in this State, for we have seen our statute has not changed such rule. Our

conclusion is, that under the circumstances in this record, the communication to the witness Smith was not privileged. Such in our judgment is the law. With its policy we have nothing to do. If the rule should be extended further, the Legislature must so provide.

Let the judgment of the court below be reversed and the cause remanded.

Judgment reversed.

LELAND, J., having tried this cause in the court below, took no part in the decision.