# REAGAN v. AIKEN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF TEXAS.

No. 468. Submitted January 12, 1891. — Decided January 26, 1891.

A debtor in Texas mortgaged to a creditor real estate there to secure the
payment of debts to various creditors, and on the same day by a separate
instrument to the same mortgagee personal property for the same object.
Other creditors commenced suit in the Circuit Court of the United
States against the debtor and caused the property covered by the chattel
mortgage to be seized under writs of attachment, and to be sold and the
proceeds applied towards payment of their claims in suit. The grantees
in the chattel mortgage sued the marshal and his official sureties at law
in the state court to recover the value of the goods seized and sold.
This action was removed into the Circuit Court, where the creditors then
filed a bill in equity to restrain the further prosecution of the action at
law. A temporary injunction was issued. The mortgaged real estate
was then sold, and the proceeds applied to the payment of the debts
secured thereby, leaving a balance still due. After dismissing the
injunction suit, the action at law came on for trial. A motion by the
defendant to transfer it to the equity docket was refused. The defend-
ant contended that the chattel mortgage was, under the laws of Texas,
an assignment for the benefit of creditors and not a chattel mortgage.
The court instructed the jury that the validity of the instrument as a
mortgage depended upon whether when it was made the maker was sol-
vent or insolvent. One of the counsel for the plaintiffs, who was also a
creditor, testified that he was present at the execution of the chattel
mortgage, at which were also present the mortgagor and certain other
creditors for whose security the mortgage was executed, and stated what
took place then. His evidence was not objected to by the creditors whose
counsel he was. There was a verdict against the marshal and his sure-
ties. *Held*,

(1) There was no error in refusing to transfer the action at law to the
equity docket;

(2) That the instrument in question was not, under the local law of
Texas, an assignment for the benefit of creditors, but a chattel
mortgage;

(3) That the verdict of the jury determined the solvency of the grantor
and the validity of the instrument;

(4) That it was no error to permit the counsel to testify, as his clients
did not object.

It is too late on a motion for a new trial to tender exceptions to the charge: and when the record does not contain the full charge, and no exceptions to such part as it does contain, the court must be assumed to have stated the law correctly.

ON December 23, 1885, J. M. Anderson and T. W. Anderson, Jr., executed a mortgage on certain real estate in Texas to one W. J. McDonald, to secure the payment of certain debts of the mortgagors. On the same day, J. M. Anderson mortgaged to said McDonald and W. B. Aiken and L. C. Stiles certain personal property, as security for the payment of the same debts. On December 27, Carter Bros. & Co., of Louisville, Kentucky, H. T. Simon, Gregory &.Co., and J. H. Wear, Boogher & Co., of St. Louis, commenced in the Circuit Court of the United States for the Eastern District of Texas certain actions against J. M. Anderson, and caused writs of attachment to be issued and levied upon the personal property covered by the chattel mortgage above mentioned. The goods thus attached were sold by the marshal, and the proceeds applied in satisfaction of the claims in suit. On the 29th of March, 1886, the grantees in the chattel mortgage commenced a suit in the state court against the United States marshal and the sureties on his official bond, alleging the seizure and sale under the writs, and seeking to recover the value of the goods thus seized and sold. This action, commenced in the state court, was removed by appropriate proceedings to the United States Circuit Court for the Eastern District of Texas. On February 3, 1887, the attaching creditors filed their bill in the same Circuit Court for an injunction to restrain the further prosecution of the action at law, the one commenced in the state and removed to the federal court. This bill was based on the proposition that the creditors of Anderson were secured by both the real estate and chattel mortgage, while the attaching creditors had only recourse on the property covered by the chattel mortgage; and that, therefore, the creditors thus doubly secured by the real estate and chattel mortgage should exhaust the security given by the former before making any claim to the property secured by the latter. The temporary injunction was issued as prayed for. The property secured by

the real estate mortgage was sold, and the proceeds applied as directed therein; but such appropriation of proceeds did not pay the debts in full, and left a balance due the creditors therein named, secured only by the chattel mortgage. Thereafter, on September 26, 1887, by stipulation of counsel, the injunction bill was dismissed, and the action at law transferred from the state to the federal court was continued to the next term, with a proviso as to the use of the testimony already taken in the injunction suit; and also that the dismissal should be without prejudice to the right of the defendants in the law action to move for its transfer from the law to the equity docket. At the February term, 1888, the law action came on for trial; an application was made to transfer it to the equity docket, which was denied, and the case went to trial, and resulted in a verdict and judgment against the marshal and his sureties for an amount equal to the sums due to the various creditors secured by the real estate and chattel mortgages, and unsatisfied by the proceeds of the sale of the real estate. To reverse such judgment a writ of error has been brought to this court.

*Mr. John Paul Jones* for plaintiffs in error.

*Mr. J. S. Hogg, Mr. H. D. McDonald* and *Mr. C. A. Culberson* for defendants in error.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

Many assignments of error and many questions are presented by the counsel for plaintiffs in error. We notice those which seem to be substantial. It is alleged, first, that there was error in refusing to transfer the law action to the equity docket. This was an action at law, brought by certain mortgagees to recover the value of goods mortgaged to them, which had been seized, sold and appropriated by the defendant, the United States marshal, to other purposes. Nothing is plainer than that such an action is one at law. It is urged

that the debts secured by the chattel mortgage were also
secured by a real estate mortgage; that the real estate thus
conveyed had been sold, and the proceeds applied in reduction
of the debts; that, therefore, an accounting was necessary to
show the amount still due to the various creditors; and that
such an accounting could only be had in an equitable action.
The ruling of the Circuit Court was unquestionably correct.
The recovery of the plaintiffs, the chattel mortgagees, was
limited to the amount of the debts secured by the chattel
mortgage.   If any portion of the debts thus secured had been
paid subsequently to the mortgage, by the voluntary act of
the debtor or the appropriation of the proceeds of other secu-
rities, this was matter of defence which could be pleaded and
proved in an action at law as fully and satisfactorily as in a
suit in equity.   It was simply a question as to the partial pay-
ment of indebtedness.   How it was made was immaterial; the
fact and amount were the substantial matters; and these were
matters provable and determinable in an action at law.   There
was no error, therefore, in refusing to transfer the case from
the law to the equity docket.

A second proposition is, that the chattel mortgage so called
was not, in fact, a chattel mortgage, but an assignment for the
benefit of creditors; and, therefore, void under the statute of
Texas, as giving preferences and not being for the equal ben-
efit of all creditors.   But the instrument is, in form, and ex-
pressed intent and scope, a mortgage.   It recites that the
grantor is indebted to sundry parties, naming them and giving
the amounts of the debts; that he is desirous of securing such
creditors; and in consideration of the premises conveys to
three of the creditors named the property, with instructions to
take possession and sell, and after paying expenses, to apply
the proceeds to the payment, ratably, of the debts, and the
balance, if any, to return to the grantor.   It then reads:
"This instrument is intended as a chattel mortgage to secure
the debts herein mentioned;" and states that it is made to
the three creditors mentioned, in behalf of themselves and the
other creditors named, because, on account of the great num-
ber of the latter, it would be inconvenient for them all to act

in its execution. It is true that there is no expressed condition of defeasance; but that attaches to every conveyance made simply for security, and it is unnecessary to state that which the law implies. That it contained a direction for the mortgagees to sell, is not material; for, in the absence of such a direction, a mortgagee, on taking possession, should sell and apply the proceeds to the satisfaction of his debt. Instruments similar in form have been repeatedly presented to the consideration of the Supreme Court of Texas, and adjudged to be chattel mortgages, and not within the scope of the act of March 24, 1879, providing for assignments for the benefit of creditors, or in conflict with the 18th section of that act, which forbids preferences in assignments. *La Belle Wagon Works* v. *Tidball,* 59 Texas, 291; *Stiles* v. *Hill,* 62 Texas, 429; *National Bank* v. *Lovenberg,* 63 Texas, 506; *Jackson* v. *Harby,* 65 Texas, 710; *Calder* v. *Ramsey,* 66 Texas, 218; *Watterman* v. *Silberberg,* 67 Texas, 100; *Scott* v. *McDaniel,* 67 Texas, 315, 317. Nor can any advantage be taken by the plaintiffs in error of the opinion expressed by the trial court, when the instrument was offered in evidence, that its validity depended entirely on the fact as to whether, when it was made, the grantor was insolvent or contemplated insolvency, and this, irrespective of whether that opinion was correct or not; for the verdict of the jury, in favor of the plaintiffs, negatives the existence of such conditions, if their existence avoided the instrument.

That the law was fully given by the court to the jury we are bound to presume, in the absence from the record of the entire charge ; and that it was correctly stated, from the fact that plaintiffs in error took no exceptions to it. True, the record contains four special instructions given by the court, and two asked by the defendants and refused. It also shows that two days after the verdict, and in their motion for a new trial, the defendants protested and excepted to such giving and refusal ; but nowhere is it stated that these four instructions were all that were given, and in the federal courts a motion for a new trial is a mere application to the discretion of the trial court, and it is too late then to tender for the first

time exceptions to rulings made at the trial. *Pacific Express Co.* v. *Malin*, 132 U. S. 531, 538. So, although one of the instructions asked by the defendants, and refused, relates to the effect on the instrument of the insolvency of the grantor therein, it may have been refused because already fully given in the general charge. For these reasons there is nothing in respect to the instructions, either those given or refused, which can now be considered.

Another error alleged is, that the court permitted H. D. McDonald, one of the counsel for plaintiffs, to testify that he was present at the time of the execution of the chattel mortgage, and to state what transpired at that time. The parties present at that interview were the mortgagor and certain of the creditors, and the interview was held with a view of obtaining from the mortgagor the security which was in fact given. McDonald was present both as a creditor and as attorney for the creditors. It is objected that communications to an attorney are confidential, and that he can neither be compelled nor permitted to disclose them as a witness; but the creditors whose counsel he was did not object to his testimony, and, as stated, he was present both as party and counsel. Under these circumstances, we see no error in the admission of his testimony.

These are the substantial matters presented for our consideration, and in them we find no error. The judgment, therefore, will be

*Affirmed.*