NATHAN WARTELL *vs.* DAVID NOVOGRAD.

JUNE 6, 1927.

PRESENT, Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Assumpsit.  Money had and Received.*

Assumpsit for money had and received may be maintained to recover a definite amount of money admitted by a defendant to be in his hands for the purpose of paying a specific debt of a third party to plaintiff and the manner by which defendant came into possession of the money is not controlling.

(2)  *Assumpsit.  Money had and Received.  Trusts.*

Where a defendant has in his hands money owing to a third party and has undertaken to pay the indebtedness of such third party to plaintiff this is substantially a declaration of trust in favor of plaintiff and the law imposes a duty upon defendant to carry out his obligation and permits assumpsit for money had and received in favor of plaintiff.

*(3)  Evidence.  Attorney and Client.  Privileged Communications.*

The privilege attaching to an attorney also attaches to one acting as his
   agent or clerk in the transaction but beyond that the privilege does not
   extend.

ASSUMPSIT.   Heard on exceptions of plaintiff and sus-
tained in part.

BARROWS, J.   This was an action of assumpsit on the
common count for money had and received.   At the close
of plaintiff's evidence, the trial court directed a verdict for
defendant.

Plaintiff is before this court on exception (1) to the grant-
ing of defendant's motion to direct a verdict for defendant;
(2) to the denial of plaintiff's motion that a verdict be
directed for plaintiff, and (3) to the ruling out of plaintiff's
offer of certain evidence of a Mr. Israel, then a law student
in the office of defendant's attorney.

The principal question raised is whether the plaintiff may
bring assumpsit or whether he must resort to equity.
Plaintiff was a third mortgagee from one Terkel and wife.
The debt to him was $6,000.   The first and second mort-
gages were for $7,000 and $3,000 respectively.   There were
several mortgages subsequent to that of plaintiff.   On
foreclosure by defendant, who was the fifth or sixth mort-
gagee, the property was sold for $43,100.   The amount of
Terkel's mortgage indebtedness to defendant was $1,500.
There is no evidence that defendant mortgagee's sale was
pursuant to any agreement with prior mortgagees that a
clear title should be conveyed and that defendant should
pay said prior mortgages out of the proceeds of the sale.
Inasmuch as the sale did not affect the rights of prior mort-
gagees, defendant, if there were no subsequent ones, was
indebted to Terkel and wife for any surplus over and above
the $1,500 due to defendant and the expenses of foreclosure.
He owed no duty to prior incumbrances to pay them off.

Defendant was a brother of Mrs. Terkel and was assisting
the Terkels in adjusting their financial difficulties.

Plaintiff offered but two witnesses, himself and Mr. Israel, now a member of the bar. Defendant, though present at the morning session of court, did not appear in the afternoon and could not be found. Plaintiff's evidence of defendant's acts and statements is not entirely satis-factory or clear but interpreting it most favorably to plaintiff, as we must do—*Cannon* v. *Staples*, 46 R. I. 300; *Baynes* v. *Billings*, 30 R. I. 53, at 58—it may be claimed to show that defendant had paid the first and second mortgages and thereafter admitted that there remained of Terkel's money in his possession, an amount sufficient after payment of Terkel's $1,500 indebtedness to defendant to pay the plaintiff's mortgage and interest, amounting to $6,450; that defendant told plaintiff that the amount would be paid at the office of defendant's attorney. There is no positive testimony to establish the fact that defendant had agreed with Terkel to pay off the prior mortgages from the surplus after the foreclosure sale. The conduct of Terkel and defendant points to such an arrangement and that defendant was to make as good a settlement as possible for Terkel. There is no evidence that plaintiff at any time expressly gave up his rights against Terkel on the mortgage note or to foreclose his mortgage by sale. When plaintiff went to the office of defendant's attorney to get his money the attorney tendered him $6,000 in full settlement and he declined to accept it. Plaintiff insisted upon the face of his note with interest, except $150, which he offered to relinquish on account of defendant's representations concerning Terkel's financial misfortunes.

At the close of plaintiff's testimony defendant's attorney, bereft of his client, closed his case and moved for direction of a verdict in his favor on the ground of absence of proof of a definite indebtedness and because the action of assumpsit would not lie. The motion was granted on the latter ground, the court conceding proof of the debt but holding that plaintiff's remedy was in equity against defendant as trustee.

The question presented is whether an action of assumpsit (1) for money had and received may be maintained to recover a definite amount of money admitted by defendant to be in his hands for the purpose of paying a specific debt from Terkel to plaintiff. The fact that the problem arose out of certain mortgage transactions is not important. The manner by which defendant came into possession of Terkel's money is not controlling. The fact that he had it and for a specific purpose is the vital matter.

Assumpsit for money had and received is an action contractual in form and equitable in its nature. 13 C. J. 244. *Williams* v. *Smith*, 29 R. I. 563, at 578. The action does not necessarily mean that a contract exists expressly or by implication. It means that the form of the remedy is contractual. 6 R. C. L. 588; Williston on Contracts § 348. *Williams* v. *Smith*, at 579, says: This action "is clearly an exception to the general rule that assumpsit must be based upon a contract express or implied." The action has been permitted where a mortgagor sues a mortgagee for a liquidated surplus in the latter's hands after foreclosure,— *Fudim* v. *Kane*, 136 Atl. 306, 47 R. I. 357, or a *cestui* sues for a liquidated balance in the trustee's hands after settlement of accounts. *Spencer* v. *Clarke*, 25 R. I. 163. *Bither* v. *Packard*, 115 Me. 306, says at 312: "When one person has in his possession money which in equity and good conscience belongs to another, the law will create an implied promise upon the part of such person to pay the same to him to whom it belongs and in such cases an action for money had and received may be maintained. The form of action is comprehensive in its reach and scope and though the form of proceeding is in law it is equitable in spirit and purpose and the substantial justice which it promotes renders it favored by the courts." *Blackmar* v. *McLaughlin*, 21 R. I. 487. The above cases were where the person who was to receive the money was one of those from whom it had been paid to defendant. Cf. *McKee* v. *Lamon*, 159 U. S. 317, at 322, where the ultimate recipient was a third

person.  In *R. I. Hos. Trs. Co.* v. *Manchester,* 16 R. I. 308, plaintiff sought to recover in equitable assumpsit for money had and received by defendant from a third person to be paid to plaintiff.  The action failed because nothing in the nature of a trust in favor of plaintiff arose from the receipt of the money by defendant.  The court said: "To hold the defendant in assumpsit he (plaintiff) must show some relation or duty in the nature of a trust in his favor arising from the receipt of the money."  *Haynes* v. *Greene,* 46 R. I. 32, again was a case of attempted recovery by plaintiff from a third person.  The court held that the trust was not established and made certain.  The right to recover was recognized if a trust relation had been found.  In the present case we have evidence by the admission of defendant that he had in his hands $6,450 owing to Terkel; that he undertook to pay Terkel's indebtedness of $6,450 to the plaintiff. (2) This was substantially a declaration of trust in favor of plaintiff which if carried out would extinguish Terkel's debt to plaintiff.  The specific *res* held by defendant being a definite sum of money to be paid to plaintiff, the law imposes a duty upon defendant to carry out his obligation and for simplicity it permits assumpsit for money had and received as a proper remedy.  The granting of defendant's motion that a verdict be directed in his favor was error.

If the evidence were entirely satisfactory we should be compelled to hold that plaintiff's motion that a verdict be directed in his favor should have been granted.  Plaintiff's counsel, however, admitted in argument that which examination of the testimony abundantly demonstrates, that plaintiff's evidence is hazy and at times seems inconsistent with itself.  In view of the fact that we have no evidence from defendant, we think the interests of justice will be better served by remitting the case for a new trial wherein the testimony may be more complete and definite.  Plaintiff's motion for a directed verdict in his favor was properly denied.

While the determination which we have made of the (3) principal questions raised is such that a decision upon the

third exception is not required, in view of the paucity of witnesses for the plaintiff and that he may again call Mr. Israel, we deem it proper to consider the third exception. The plaintiff offered to prove by Mr. Israel certain facts in connection with the transaction which were learned by Mr. Israel in defendant's attorney's office and that Israel "was not a law clerk of Mr. Greene but that he was just a law student." The court ruled as to this offer of testimony that "anything that took place or that was said in Mr. Greene's office on that transaction, Mr. Greene was privileged and this young man being part of the office is included." We do not think the authorities sustain so broad a ruling. So far as Israel was acting as agent or clerk for Mr. Greene in the transaction, the privilege attached to Mr. Greene should attach to Mr. Israel. Beyond that the privilege does not extend. Wigmore on Evidence, Vol. 5, (2d ed.) p. 39, § 2300; *Barnes* v. *Harris,* 7 Cush. 576; *Andrews* v. *Solomon,* 1 Peters CC 356, at 359; *Schubkagel* v. *Dierstein,* 131 Pa. 46; *Holman* v. *Kimball,* 22 Vt. 555.

Plaintiff's first and third exceptions are sustained, his second is overruled.

The case is remitted to the Superior Court for a new trial.

*Cooney & Cooney,* for plaintiff.

*Greene, Kennedy & Greene,* for defendant.