No. 88-412

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

T.M. DAVIDSON, CONSERVATOR OF THE
ESTATE OF GEORGE NELSON, a/k/a
GEORGE E. NELSON,

        Plaintiff and Respondent,

  -vs-

D.H. HANSEN RANCH, INC.,
a Montana Corporation,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Fifteenth Judicial District,
In and for the County of Sheridan,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        O'Toole & O'Toole; Loren J. O'Toole, Plentywood,
        Montana

    For Respondent:

        McIntee & Whisenand; Terry R. Lorenz, Williston,
        North Dakota

Submitted on Briefs: Nov. 17, 1988

Decided: December 16, 1988

FILED

'88 DEC 16 PM 1 47

CLERK
MONTANA SUPREME COURT

Filed:

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendant, as the defaulting purchaser of property under a contract for deed, appeals an order of the District Court of the Fifteenth Judicial District, Sheridan County, awarding the surplus proceeds from a foreclosure sale to the foreclosing plaintiff. We reverse and remand.

The sole issue raised upon appeal is whether the District Court erred in giving the foreclosing party, whose debt had been paid in full, the surplus proceeds from the foreclosure sale?

On February 12, 1981, D. H. Hansen Ranch, Inc. (Hansen) executed a contract for deed, thereby agreeing to purchase a tract of land for $92,000 from George and Edna Nelson. Hansen contracted to pay this purchase price in twenty annual installments of $9,200. These annual payments, which included interest at the rate of 10% per annum, became due on December 1, 1981, and on the first of December of each succeeding year until paid in full. Hansen failed to make any payment on the contract for the years 1981 through 1986.

The contract stated that in the event both George and Edna died before full payment on the contract, the remaining balance due would be excused and the contract considered paid in full. Although Edna died in 1985, George survived. George was adjudged incapacitated, however, and a conservator appointed in that same year. Following his appointment, the conservator served a notice of default on the contract upon the defendant. The defendant failed to cure the default within thirty days as required in the notice. Consequently, the conservator elected to rescind the contract and to bring an action to recover possession of the premises through foreclosure.

2

On October 1, 1987, the District Court Judge granted plaintiff's motion for partial summary judgment, and a judgment was subsequently entered rescinding the contract for deed and authorizing a foreclosure upon the contracted property. The amount of debt owing by the defendant remained in issue with defendant contending that plaintiff had waived any right to payments for 1981 through 1984.

On February 3, 1988, plaintiff moved for summary judgment on this remaining issue. The court held that the parties had not effected a modification of the contract and all payments designated in the contract remained due and owing. Consequently, the court granted summary judgment and ordered a public auction of the foreclosed property.

On May 12, 1988, the sheriff auctioned off the property for $175,000. The sheriff deposited a surplus of $6,106.41 with the court after subtracting auction costs and the amount owed to plaintiff for principal, interest, costs and attorney fees. No other lienors have a claim to this surplus.

Plaintiff filed a motion requesting that all surplus proceeds from the sale be awarded to him. The court granted this motion on July 22, 1988. Defendant appeals from this grant of the surplus to the conservator of the estate of George Nelson.

In defense of the distribution of the surplus to him, the conservator contends that § 71-1-225, MCA, governing the distribution of surplus proceeds from a sale, is clear and unambiguous. The statute, which mandates that the court give surplus proceeds to the one entitled to them, simply raises a factual issue of entitlement to be determined by the District Court. Respondent contends the facts, that Hansen failed to make any payments on the property while inhabiting it and that George Nelson is an incapacitated elderly man in need of the funds from the sale of the property, support the court's

3

determination that Nelson's estate was entitled to the surplus.

At the outset, we note that this is an action at law and not an action in equity because the parties are seeking only a monetary judgment. See, e.g., Reagan v. Aiken (1891), 138 U.S. 109, 11 S.Ct. 283, 34 L.Ed. 892. We therefore need determine who is entitled by statute to the surplus proceeds as a matter of law. Section 71-1-225, MCA, states only that:

> If there be surplus money remaining after the payment of the amount due on the mortgage, lien, or encumbrance, with costs, the court may cause the same to be paid to the person entitled to it . . .
> (Emphasis added.)

This statutory language fails to clearly dictate who is entitled to surplus sale proceeds. We thus must look to other means to determine the legislative intent of the statute. Missoula Co. v. American Asphalt, Inc. (Mont. 1985), 701 P.2d 990, 992, 42 St.Rep. 920, 922.

Previous Montana case law has interpreted statutes relating to surplus proceeds as requiring any surplus to be paid to the mortgager if no other liens remain on the property. State v. District Court (1926), 76 Mont. 143, 150, 245 P. 529, 532. Other state and federal courts have similarly held that the purchaser of property under a mortgage or deed is entitled to any surplus proceeds resulting upon foreclosure. E.g., Wartell v. Novograd (R.I. 1927), 137 A. 776; Soderberg v. King County (Wash. 1896), 45 P. 785. One legal encyclopedia has similarly stated that:

> Subject to the rights of other lienors or claimants, surplus proceeds of a mortgage foreclosure sale generally go to the owner of the equity of redemption.

4

59 C.J.S.2d Mortgages § 799 (1949); see also 55 Am.Jur.2d Mortgages § 930 (1971).

The weight of existing law indicates that the defendant, as the defaulting purchaser under the contract for deed, was entitled to the surplus proceeds. Moreover, we take notice of the fact that defendant redeemed the property at the full sale price plus interest, although not until after the District Judge had already rendered his final judgment in the case. Given the weight of existing law, we hold that the District Court abused its discretion when it awarded the surplus proceeds from the sale of the foreclosed property to the foreclosing plaintiff rather than to the defendant.

We reverse and remand for judgment in accordance with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices